IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

LEA FALK,

        Plaintiff,

  v.

CONNER O'LEARY, Springfield Police Officer,

        Defendant.
_____

Case No. 6:22-cv-01889-MC

OPINION AND ORDER

MCSHANE, Judge:

Defendant moves for a sanction of attorneys' fees against Plaintiff's counsel for introducing false testimony during trial. Def.'s Renewed Mot. Sanctions, ECF No. 105 ("Mot."). For the reasons discussed below, Defendant's Motion is DENIED.

## BACKGROUND

This matter concerns inaccurate statements made by Plaintiff's counsel and expert during trial in this Court on February 18–20, 2025.

Plaintiff Lea Falk was injured when Defendant arrested her on December 9, 2020. The parties disputed the extent of the injuries to Plaintiff's teeth, but it was undisputed that no teeth were knocked out of her mouth that night. Plaintiff stated in her deposition that her teeth "cracked, fell apart, [and] fell out" some time after being punched, but she also recounted other significant dental procedures that were irrelevant to this case. Decl. Aaron P. Hisel ("Hisel Decl.") Ex. 3, at 6–8, ECF No. 106-3.

1 – Opinion and Order

X-rays of Plaintiff's mouth taken almost two years after the altercation show that the teeth in question were still in place. Hisel Decl. Ex. 2. Plaintiff submitted into evidence another photo, taken at home on some unknown date, of "a tooth that was damaged and had to be removed . . . after [she] got out of jail[.]" Decl. Lea Moi 2, ECF No. 93-2. It is undisputed that to the extent any of Plaintiff's teeth were removed, they were removed surgically. *See* Hisel Decl. Ex. 3, at 6–9.

Plaintiff hired an expert, Dr. Samuel Freedman, to testify at trial about her injuries. *See* Hisel Decl. Ex. 1, ECF No. 106-1. Plaintiff's counsel, Mr. Brian Michaels, provided photos to Dr. Freedman, including the October 2022 x-rays and the photo of Plaintiff's mouth after she had some of her teeth surgically removed. *See id.* at 3; Hisel Decl. Ex. 4, at 4–14, ECF No. 106-4.

In his expert report, Dr. Freedman erroneously concluded that Plaintiff's teeth that were "broken or missing" had "been forcefully propelled and ejected out of [her] gums." Hisel Decl. Ex. 1, at 6. Rather than noticing and correcting this mistake, Mr. Michaels had Dr. Freedman read this portion of his report into evidence at trial. Hisel Decl. Ex. 4, at 3–4. Defense counsel immediately rectified for the jury that the photo to which Dr. Freedman referred was taken after October of 2022, when the x-rays showed Plaintiff's teeth still intact. *Id.* at 9–17.

Defense counsel moved the Court to dismiss the case as a sanction to Mr. Michaels for his false statement. *See* Hisel Decl. 2, ECF No. 106. The Court considered the motion on the second day of trial and confronted Mr. Michaels. Hisel Decl. Ex. 5, at 2–8. Mr. Michaels "deeply apologize[d] for the error" and committed to "tak[ing] responsibility for it to the jury and mak[ing] sure they understand what the truth is." *Id.* at 9. The Court noted that due to Plaintiff's own testimony, the jury seemed to "understand[] that no teeth were in fact ejected from her mouth." *Id.*

2 – Opinion and Order

In closing argument, Mr. Michaels again admitted to the jury that "[he] made a mistake," took accountability for his failure to correct Dr. Freedman's error, and clarified that "the teeth were not punched out by Officer O'Leary[.]" *Id.* at 11.

The jury returned a verdict for Defendant. Jury Verdict, ECF No. 102. Defendant later renewed his Motion for Sanctions, asking the Court to award attorneys' fees to sanction Mr. Michaels' conduct.

## LEGAL STANDARD

A district court may use its inherent powers to award attorneys' fees against counsel who acts "'in bad faith, vexatiously, wantonly, or for oppressive reasons.'" *Primus Auto. Fin. Servs., Inc. v. Batarse*, 115 F.3d 644, 648 (9th Cir. 1997) (quoting *Alyeska Pipeline Serv. Co. v. Wilderness Soc'y*, 421 U.S. 240, 258–59 (1975)). The court's "inherent powers must be exercised with restraint and discretion," and the court may not sanction conduct without a "specific finding of bad faith." *Yagman v. Republic Ins.*, 987 F.2d 622, 628–29 (9th Cir. 1993) (internal quotation marks and citations omitted). The Ninth Circuit has counseled against sanctions "imposed merely for punishment of an infraction that did not threaten to interfere with the rightful decision of the case." *See Wyle v. R.J. Reynolds Indus., Inc.*, 709 F.2d 585, 591 (9th Cir. 1983) (in the context of a dismissal sanction). A sanction of fees must be reasonable, and "should never exceed those expenses and fees that were reasonably necessary to resist the offending action." *Matter of Yagman*, 796 F.2d 1165, 1184–85 (9th Cir. 1986), *as amended by* 803 F.2d 1085 (1986).

## DISCUSSION

Defendant moves for sanctions in the amount of $24,664.50, arguing that this sum is properly owed to him based on $10,825.00 in attorneys' fees and $13,839.50 spent to procure a defense expert and refute Plaintiff's narrative and expert testimony. Mot. 10.

3 – Opinion and Order

First, the Court appreciates that Mr. Michaels' mistake frustrated the trial and, if only for a moment, confused the jury. That mistake was significant, but the Court finds that Mr. Michaels' conduct was the result of incompetence, not malice, and thus does not meet the "high threshold" of bad faith. *Primus*, 115 F.3d at 649; *see, e.g., Leon v. IDK Sys. Corp.*, 464 F.3d 951, 956–57, 961 (9th Cir. 2006) (affirming sanctions where party's "extraordinary measures" taken to destroy evidence "severely prejudiced" the defendant and was "without remorse"); *Fink v. Gomez*, 239 F.3d 989, 994 (9th Cir. 2001) (noting that "mere recklessness, without more, does not justify sanctions under a court's inherent power"); *Anheuser-Busch, Inc. v. Natural Beverage Distributors*, 69 F.3d 337, 348 (9th Cir. 1995) (noting that sanctions are appropriate where a party "engage[s] deliberately in deceptive practices"); *Combs v. Rockwell Intern. Corp.*, 927 F.2d 486, 488 (9th Cir. 1991) (where plaintiff and his counsel falsified a deposition, "[t]he mendacity of the client and the combined fraud and incompetence of his counsel [were] so egregious" that sanctions were appropriate); *Wyle*, 709 F.2d at 589 (upholding sanctions where plaintiff refused to provide discovery and gave "knowingly false" statements). Importantly, once Mr. Michaels was made aware of his mistake, he apologized to the Court and the jury and clarified the necessary facts to ensure that the jury's search for truth was not obscured by his misstatement.

Second, the Court finds that the $24,664.50 sought by Defendant was not "reasonably necessary to resist the offending action," and rather seeks to punish Mr. Michaels for errors that, in the end, did not "interfere with the rightful decision of the case." *Matter of Yagman*, 796 F.2d at 1184–85; *Wyle*, 709 F.2d at 591. Defendant's request for fees essentially seeks compensation for every moment spent on any issue involving expert appearances in this case, including payment in full of his own defense expert. But Mr. Michaels was right to seek an expert to discuss Plaintiff's injuries, and the Court will not punish him for doing so. The parties would have contracted experts

regardless of Mr. Michaels' mistake, and a large portion of the expert testimony was properly dedicated to other facts material to the case's resolution.

In the end, Mr. Michaels' biggest mistake was having his expert read from his own report without realizing that the expert's statement was unsupported by evidence. This was a clumsy mistake, but the Court finds no intentional bad faith. *See Yagman v. Republic Ins.*, 987 F.2d 622, 628 (9th Cir. 1993) (reversing sanctions award for attorney's "careless and slovenly legal work" because there was no indication counsel "acted in bad faith or intended to mislead the court"). Unlike the sanctionable conduct in the cases cited above, Mr. Michaels' mistake, though thoughtless, was sincere, readily admitted, and easily remedied such that no serious injustice was committed. The Court believes that Mr. Michaels has suffered enough embarrassment in front of his client, the jury, and now the members of the legal community who read this opinion. Accordingly, additional sanctions are not necessary to remind Mr. Michaels of his duties to know the evidence, discern expert testimony, and carefully consider the information he puts in front of future juries.

## CONCLUSION

For the reasons stated above, Defendant's Renewed Motion for Sanctions, ECF No. 105, is DENIED.

IT IS SO ORDERED.

DATED this 21st day of May, 2025.

                                             ___s/Michael J. McShane_____
                                                    Michael J. McShane
                                                  United States District Judge